# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LADALE RICH, an individual, | ) CASE NO. |
| | ) |
| *Plaintiff,* | ) **PLAINTIFF LADALE RICH'S** |
| | ) **COMPLAINT** |
| *vs.* | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

## COMPLAINT

COMES NOW Plaintiff LADALE RICH, by and through Joshua S. Berman, Esquire and the law firm of DROSS BERMAN, LLC, asserting claims against Defendant the United States of America, and states and alleges as follows:

### I.

### JURISDICTION AND VENUE

**1.**     Plaintiff LADALE RICH (hereinafter "Plaintiff") is a citizen of the United States and a resident of Jacksonville, FL, and served in the United States Navy at all times pertinent hereto.

**2.**     The Defendant is the United States of America, acting by and through the Department of the Navy, an agency of the United States Government.

**3.**     This is an action for judicial review of administrative denial of disability benefits that the United States Navy failed to provide Plaintiff under the terms of the Servicemembers Group Life Insurance Traumatic Injury Protection Program (hereinafter "TSGLI").

**4.**     Plaintiff brings this action against Defendant, the United States of America, based upon a failure of the Department of Navy to pay benefits owed to

1    Plaintiff under the TSGLI program.

2    **5.**    This Court has jurisdiction over the parties under 38 USC 1975, as well as

3 under the terms of the TSGLI program, as any member who receives an adverse TSGLI

4 decision may obtain judicial review in any United States District Court of competent

5 jurisdiction.

6    **6.**    Although not a requirement to seek relief in this Court, Plaintiff has

7 exhausted all administrative appeals available prior to commencing this lawsuit.

8    **7.**    Venue is proper in this District because the Board of Corrections for Naval

9 Records (BCNR) is located at Washington Navy Yard, DC.

10 **II.**

11 **FACTUAL ALLEGATIONS**

12    **8.**    The Servicemembers' Group Life Insurance Traumatic Injury Protection

13 Program, also known as TSGLI, is a rider to the SGLI policy that provides a payment

14 for service members injured as the result of a traumatic event.

15    **9.**    TSGLI coverage was added to SGLI policies effective December 1, 2005.

16 After December 1, 2005, all service members covered by SGLI are eligible for TSGLI

17 coverage, regardless of where their qualifying traumatic injury occurred. In addition, a

18 retroactive program covers service members who sustained a qualifying traumatic

19 injury while supporting Operation Enduring Freedom (OEF), Operation Iraqi Freedom

20 (OIF), or while on orders in a Combat Zone Tax Exclusion (CTZE) area from October

21 7, 2001 through November 30, 2005.

22    **10.**    Then, effective October 1, 2011, the Veterans' Benefit Improvement Act

23 of 2010 removed the requirement that injuries during the retroactive period be incurred

24 in Operations Enduring or Iraqi Freedom. Since this time, claims have increased,

25 premiums paid into the policy have remained the same, and not coincidentally,

26 systematic denials have increased.

27    **11.**    For service members who suffer a qualifying loss as a result of a traumatic

28 injury event, the Defendant will pay between $25,000 and $100,000, depending on the

1 | severity of the qualifying loss.

2 |     **12.** The benefit is paid to the member, someone acting on the member's behalf
3 | if the member is incompetent, or the member's SGLI beneficiary if the member is
4 | deceased, however, the policyholder of the SGLI and TSGLI policies is the
5 | government, which limits the ability for bad faith action by participating service
6 | members, which further leads to a more systematic system that has an eye for denial.

7 |     **13.** All members covered under SGLI who experienced a traumatic event that
8 | directly results in a traumatic injury causing a scheduled loss defined under the program
9 | are eligible for TSGLI payment.

10 |     **14.** Losses must meet at least one TSGLI loss standard in order to be eligible
11 | or a benefit payment. There are nine categories of losses covered, which are as follows:

12 |     a) Sensory losses
13 |     b) Burns
14 |     c) Paralysis
15 |     d) Amputation
16 |     e) Limb Salvage
17 |     f) Facial Reconstruction
18 |     g) Activities of Daily Living (ADL)
19 |     h) Inpatient Hospitalization
20 |     i) Coma/TBI combined with another injury

21 |     **15.** Under (g) above, to qualify for benefits, a servicemember must suffer ADL
22 | losses in two of six categories – eating, bathing, dressing, toileting, continence, and
23 | transferring. Further, the assistance required has to be at least one of the following three
24 | categories: physical, standby, or verbal assistance.

25 |     **16.** If a member applies for benefits, a medical professional must sign a Part B
26 | form to certify the medical information and claim being provided. In so doing, a
27 | medical professional certifies that the applicant meets the TSGLI criteria stated above.
28 | In Plaintiffs' case, a medical professional, Dr. Paul Shupe, certified his individual

1    claim.

2       **17.**   At all times pertinent hereto, Plaintiff was eligible for TSGLI benefits

3   through his status as a servicemember of the Navy.

4       **18.**   Plaintiff suffered traumatic injuries that entitled him to TSGLI benefits

5   under 38 CFR § 9.20 due to a traumatic injury that occurred on May 21, 2014, in

6   Jacksonville, FL, when Plaintiff was involved in a motorcycle accident. Plaintiff

7   suffered numerous injuries, but not limited to bad road rash, injuries to his left and right

8   shoulders, a shattered right ankle, and a broken left leg. He was treated at Naval

9   Hospital Jacksonville, where he was taken to surgery for debridement of the knee and

10   arm wounds, and splinting of his left ankle. Plaintiff was discharged to the care of his

11   fiancé Melanie, with a splint on his left leg and a Cam boot on his right. As a result,

12   Plaintiff was deemed unable to independently bathe, dress, toilet and transfer without

13   physical and standby assistance for a requisite period of time to qualify for benefits.

14       **19.**   On or about November 7, 2014, Plaintiff submitted an application for

15   TSGLI benefits, supported then and thereafter by a Part B form signed by Dr. Paul

16   Shupe that indicated that Plaintiff met ADL loss criteria for TSGLI benefits.

17       **20.**   Thereafter, Plaintiff received letter denying his benefits, stating that it was

18   determined that he did not meet the standards for compensable loss under the TSGLI

19   Schedule of Losses.

20       **21.**   In follow up to the denial of benefits, Plaintiff hired counsel who supplied

21   additional medical records and a revised application for 60 days of ADL losses which

22   was certified by registered nurse, Nancy Olson, RN, MSN, and included additional

23   evidence of a statement from Nancy Olson, RN, MSN, a statement from LaDale Rich,

24   and a statement from Melanie Escobar, his ADL provider. However, Defendant did not

25   reconcile these further supporting statements during the appeals process.

26       **22.**   Again, Plaintiff received a second letter denying his benefits, stating that it

27   was determined that he did not meet the standards for compensable loss under the

28   TSGLI Schedule of Losses.

23. In follow up to the denial of benefits, Plaintiff's counsel supplied additional medical records, which were supplied to Defendant. Defendant did not reconcile this further supporting statement during the appeals process.

24. Subsequently, Plaintiff received a third letter denying his benefits, stating that it was determined that he did not meet the standards for compensable loss under the TSGLI Schedule of Losses.

25. Next, Plaintiff appealed the denial to the TSGLI Appeals Board in Washington Navy Yard, DC, who continued the denial with a fourth decision letter and did not properly address the evidence presented under the proper legal standard.

26. Last, Plaintiff appealed the denial to the Board of Corrections for Naval Records in Washington Navy Yard, DC, who continued the denial with a fifth decision letter and again did not properly address the evidence presented under the proper legal standard.

27. The five decision letters provided did not notified Plaintiff of his right to seek relief in federal court.

28. The five decision letters did not state the legal standard of review that was applied to Plaintiff's claim.

29. The five decision letters provided either do not address any specific facts of the case or evidence, or do so in an inadequate fashion.

30. Defendant has standardized its claim denial practices in a manner that is arbitrary, capricious, unsupported by its own guidelines, and contrary to law. Defendant ignored statements and other evidence. Defendant's denial of Plaintiff's claim is unsupported by substantial evidence.

31. Defendant seems to have denied Plaintiff's claim for TSGLI benefits because, among other reasons, it claims that Plaintiff's medical documents do not indicate that the injury rendered Plaintiff incapable of performing ADLs pursuant to the TSGLI guidelines, in direct opposition to the opinion of a certifying medical professional who reviewed the same medical records, Plaintiff, and Plaintiff's caregiver.

1   Defendant does not give any reasons as to why the certifying medical professionals'
2   certification are not credible, nor does it supply any evidence of having based its
3   decision on the opinion of any other medical expert whatsoever.

4       **32.**   Further, Defendant has hidden internal memorandum regarding Plaintiff's
5   claim and the reasons for denial, and also improperly narrowed the TSGLI Procedures
6   Guide, which is codified by law under 38 C.F.R. 9.20 and SECNAVINST 1770.4, and
7   38 USC § 5107(b), which is the standard applicable in this case of "substantial
8   evidence", meaning: when there is an approximate balance of positive and negative
9   evidence regarding any issue material to the determination of a matter, the Secretary
10  shall give the benefit of the doubt to the claimant; and as such, is not acting in
11  accordance with the law, and furthering the improper denial of claims.

12      **33.**   Defendant failed to approve Plaintiff's claims for benefits even though
13  Plaintiff meets the contractual and legal criteria.

14      **34.**   Defendant violated its own guidelines for denying Plaintiff's claim by
15  failing to provide loss codes and otherwise adequately advise Plaintiff for the reason for
16  the denial.

17      **35.**   Plaintiff has thereby suffered an unwarranted denial of benefits due to
18  them under the TSGLI program.

19                              **III.**

20                      **CLAIMS FOR RELIEF**

21      **36.**   All allegations contained in the previous paragraphs are incorporated
22  herein by reference.

23      **37.**   Plaintiff herewith requests judicial review and remand to the agency for
24  Defendant's denial of Plaintiff's claim for TSGLI benefits, based, inter alia, upon
25  Defendant's:

26          a.  failure to pay benefits due and owing under the TSGLI program, as
27              outlined elsewhere herein;

28          b.  failure to apply the proper legal standard in adjudication of claims;

c. failure to advise Plaintiff of his legal rights to challenge the decision of Defendant;

d. failure to provide memorandums that list a detailed decision of the case;

e. failure to identify reasons for the denial of benefits under the applicable guidelines, including omission of loss codes and/or any other adequate basis for its decision; and

f. addition of illegal and unauthorized criteria used in the adjudication of TSGLI claims.

## IV.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a. a remand with direction to review to act with the direction of this court and, if appropriate, award TSGLI program benefits, which are formulaic in nature;

b. an award of interest, costs and attorney's fees as provided by statute;

c. an award of attorney's fees as provided by statute and code, including The Equal Access to Justice Act, 5 U.S.C. § 504; 28 U.S.C. §2412; and

d. such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: November 6, 2017        /S/

JOSHUA S. BERMAN, ESQ #84720
DROSS BERMAN, LLC
600 Jefferson Plaza, Suite 402
Rockville, MD 20850
(240)403-7200 (tel)
(240)667-1673 (fax)
josh@drossberman.com
Attorney for Plaintiff LADALE RICH